CARLOS H. BALL, Plaintiff and Appellee, *v.* MARGARITA VILÁ, Defendant and Appellant.

No. 9408. Argued May 8, 1947.—Decided June 4, 1947.

*Diego O. Marrero* for appellant.   *Juan Enrique Géigel* and *Guillermo Silva* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This case was submitted on the pleadings. Appellee alleged in his complaint that ever since June, 1943, he has owned the house described in the complaint; that prior to that date appellant had been occupying it as tenant, paying a monthly rental of $80, and continued occupying it under such terms until December 31, 1944; that appellant continued to pay the rentals until March 8, 1944, but failed to pay the rent from the latter date to December 13, 1944, amounting to $813.33, notwithstanding appellee's efforts to collect it. Plaintiff prays that judgment be rendered in his favor for the amount of $813.33, legal interest, costs, and attorney's fees.

The answer may be summarized thus:

When appellee purchased the house, appellant continued occupying it under the same conditions of the lease contract which she had with the former owner, but on March 6, 1944, appellee notified her in writing that he regarded the contract of lease as terminated from the 8th of that same month, and asked her to leave the house on that same date. As appellant refused to surrender possession on that date, an action for unlawful detainer was filed against her, whereupon she surrendered the house on December 13, 1944; but since appellee considered the lease contract terminated on March 8, 1944, appellant urged that her possession, from that date until December 13, following, was *in precarium*. The latter admits that she did not pay the rentals from March 8 until December 13, but alleges that her failure to pay was due to the fact that, since the contract was considered terminated, she was not bound to pay the lease rentals. Although she

admits that she did not pay the rentals, she denies in her answer owing the amount of $813.33 claimed or any other amount.

Based on these allegations, or to be more accurate, based on the facts set forth in the answer, the court rendered judgment for appellee for the amount claimed in his complaint.

Appellant's contention is that the appellee not only entitled his action "an action for debt," but from the complaint itself it clearly appears that the action brought is for the recovery of money; that inasmuch as the contract by virtue of which she had to pay $80 monthly was extinguished on March 8, 1944, notwithstanding she admits that appellee has a right to compensation for the use of the house, yet she claims that the action brought is not one for compensation for the use of the house but for the recovery of money arising out of a contract which was terminated on March 8, 1944. Appellant concludes that since the proper cause of action, that is, an action for damages, was not established, the lower court erred in rendering judgment against her.

A mere reading of the answer shows that the court *a quo*, disregarding the old formalisms which subjected the obtention of a relief to the adherence by the plaintiff to the form of action established to claim his right, followed the realistic trend of modern cases and, pursuant to Rule 81(*b*) of Civil Procedure,[1] rendered the proper judgment according to the pleadings. *Crédito y Ahorro Ponceño* v. *Beveraggi*, 55 P.R.R. 629. We agree that the contract for paying a rental of $80 monthly terminated on March 8, 1944, and that appellee can only recover the reasonable value of the use of the house. But the parties did not introduce any evidence tending to prove that the amount of $80 monthly was not the reasonable

---

[1] Rule 81(*b*) of Civil Procedure:

"Any error in the title of the action brought or in the prayer for relief shall not preclude the court from disregarding the error thus committed and granting the appropriate remedy in accordance with the pleadings and the proof."

value of said use. Since it appears from the pleadings of both parties that appellant had been paying that amount by virtue of the lease contract which she had with the former owner which was continued with appellee, the finding of the lower court that the reasonable value of the use of the house was $80 monthly was correct. *Abarca Sanfeliz* v. *Bank of Nova Scotia*, 46 P.R.R. 914.

Judgment is affirmed.